THOMAS M. KELLY, ESQ. (TK 2015)
TANSEY, FANNING, HAGGERTY, KELLY, CONVERY & TRACY, ESQS.
221 Jefferson Avenue
Staten Island, New York 10306
(718) 227-5886
Attorneys for Plaintiff, Plans Administration Committee of Citigroup, Inc.

---

| | |
|---|---|
| PLANS ADMINISTRATION COMMITTEE OF CITIGROUP, INC., IN ITS CAPACITY AS PLAN ADMINISTRATOR OF THE CITIGROUP HEALTH BENEFITS PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>PIERS REDDY, STACY REDDY AND SULLIVAN, PAPAIN, BLOCK, MCGRATH & CANNAVO, P.C.<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No. 07-CV-3719<br><br>**COMPLAINT** |

---

Plaintiff, Plans Administration Committee of Citigroup, Inc., in its capacity as Plan Administrator for the Citigroup Health Benefits Plan, pleads as follows:

## PARTIES

1. The Plaintiff, Plans Administration Committee of Citigroup, Inc., is the Plan Administrator for the Citigroup Health Benefits Plan ("the Plan"), an employee welfare benefits plan governed by the material provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. The Plaintiff is located at 399 Park Avenue, New York, New York.

2. Upon information and belief, Defendant, Piers Reddy, is a citizen and resident of New Jersey, with a last known address of 416 Brookside Place, Cranford.

3. Upon information and belief, Defendant, Stacy Reddy, is a citizen and resident of New Jersey, with a last known address of 416 Brookside Place, Cranford.

4.      Upon information and belief, Defendant, Sullivan, Papain, Block, McGrath & Cannavo, P.C. ("Sullivan Law Firm") is a business in the State of New York with offices at 120 Broadway, New York, New York and 55 Mineola Boulevard, Mineola, New York.

## JURISDICTION AND VENUE

5.      This action is to enforce the terms of the Plan and for equitable relief under 29 U.S.C. § 1132(a)(3).  Consequently, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because the Plan is administered in this District.

## FACTUAL ALLEGATIONS

7.      Defendant, Piers Reddy, sustained serious personal injuries as the result of alleged medical malpractice which occurred between February and December 2002, and sought to recover for those injuries in a civil action filed against various doctors allegedly responsible for same.  The civil action was venued in the Supreme Court of the State of New York, County of New York, and was entitled <u>Piers Reddy and Stacy Reddy vs. Albert A. Attia, M.D., A. Lawrence Attia, M.D., Albert A. Attia, M.D., P.C., and Jose Silva, M.D.</u>, Index No. 102719/04 ("underlying action").

8.      At the time such medical malpractice was allegedly committed, Defendants, Piers Reddy and Stacy Reddy, were "Covered Persons" under the Plan.

9.      The Plan paid medical benefits on behalf of Piers Reddy for the injuries sustained as the result of such alleged medical malpractice.  The amount of those benefits totaled $96,416.71 through December 9, 2005.

10. The Plan document contains recovery provisions which state in relevant part:

**REIMBURSEMENT**

This section applies when a covered person recovers damages, by settlement, verdict or otherwise, for an injury, sickness or other condition. If the covered person has made, or in the future may make, such a recovery, including a recovery from an insurance carrier, the Plan will not cover either the reasonable value of the services to treat such an injury or illness or the treatment of such an injury or illness.

However, if the Plan does pay or provide benefits for such an injury, sickness, or other condition, the covered person - or the legal representatives, estate or heirs of the covered person - will promptly reimburse the Plan from all recovery amounts (whether or not characterized as related to medical expenses) from any settlement, verdicts, or insurance proceeds received by the covered person (or by the legal representatives, estate, or heirs of the covered person), to the extent that medical benefits have been paid for or provided by the Plan to the covered person.

If the covered person receives payment from a third party or his or her insurance company as a result of an injury or harm due to the conduct of another party and the covered person has received benefits from the Plan, the Plan must be reimbursed first. In other words, the covered person's recovery from a third party may not compensate the covered person fully for all of the financial expenses incurred because acceptance of benefits from the Plan constitutes an agreement to reimburse the Plan for any benefits the covered person receives.

The covered person also must take any reasonably necessary action to protect the Plan's subrogation and reimbursement right. That means by accepting benefits from the Plan, the covered person agrees to notify the Plan Administrator if and when the covered person institutes a lawsuit or other action, or enters into settlement negotiations with another party (including his or her insurance company) in connection with or related to the conduct of another party. The covered person also must cooperate with the Plan Administrator's reasonable requests concerning the Plan's subrogation and reimbursement rights and must keep the Plan Administrator informed of any important developments in his or her action. The covered person also agrees that the Plan Administrator may withhold any future benefits paid by this Plan or any other disability or health Plan maintained by Citigroup or its participating companies to the extent necessary to reimburse this Plan under the Plan's subrogation or reimbursement rights.

11. Upon information and belief, the underlying action was settled by the Reddys for an amount well in excess of the Plaintiff's reimbursement interest.

12. Upon information and belief, the Reddys have received and currently have in their possession some or all of the settlement proceeds from the underlying action.

13. Plaintiff has requested that the Reddys reimburse the Plaintiff in the amount of $96,416.71 pursuant to the recovery provisions of the Plan, but they have refused to do so.

14. Defendant, The Sullivan Firm, represented the Reddys in connection with the underlying action.

15. Upon information and belief, The Sullivan Firm maintains some or all of the settlement proceeds from the underlying action in its attorney trust account.

## I. ENFORCEMENT OF THE TERMS OF THE PLAN

16. Plaintiff repeats the above allegations as though set forth fully herein and at length.

17. By refusing to cooperate with the Plaintiff to protect its rights and refusing to reimburse the Plaintiff out of the amount recovered in the underlying action, Defendants have violated the terms of the Plan.

## II. INJUNCTIVE RELIEF

18. Plaintiff repeats the above allegations as though set forth fully herein and at length.

19. Upon information and belief, Defendants intend to disburse the settlement proceeds obtained in connection with the underlying action and, in so doing, place the proceeds beyond the reach of the Court.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff requests that an equitable lien/constructive trust be placed upon all settlement proceeds obtained by the Defendants in connection with the underlying action, and that Defendants be required to reimburse the Plaintiff $96,416.71 in accordance with the terms of the Plan, including appropriate judgment and post-judgment interest, and for any other relief to which the Plaintiff is entitled, including reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).  Plaintiff further requests that Defendants, and all those acting in concert with them, be enjoined from disposing of the settlement proceeds, or whatever portion of those proceeds have not been dissipated, pending a final determination by this Court.

Dated:  April 25, 2007

TANSEY, FANNING, HAGGERTY
KELLY, CONVERY & TRACY, ESQS.
221 Jefferson Avenue
Staten Island, New York 10306
(718) 227-5886
Attorneys for Plaintiff,
Plans Administration Committee of Citigroup, Inc.

By:     /s/ Thomas M. Kelly
         Thomas M. Kelly (TK 2015)